Shauck, C. J.
Counsel presenting the motion urge the conclusion that there is no warrant for taking a joint bill of exceptions and that a bill taken by two or more parties to an action is not a bill available to either on proceedings in error. They do not appear to be of the opinion that two bills of exceptions showing the same rulings by the trial court and the same exceptions by counsel would inform us either more definitely or more certainly of the proceedings which we are called upon to review. In support of the conclusion stated they make the two propositions, that proceedings in error must in all respects be taken according to the provisions of the statutes by which they are authorized, and that a joint bill of exceptions is not contemplated by the statute, *310 thei-e being no provision relating to the subject except that of Section 5298, Revised Statutes, that “the party objecting to the decision must except at the time the decision is made and time may be given to reduce the exception to writing, but not more than fifty days beyond the date of the overruling front, the adjournment of the term at which such decision was rendered by the court when a motion for a new trial is not necessary,” and that of Section 5301, Revised Statutes, “the party excepting must reduce his exceptions to writing and file the same in the cause.” To connect these positions with the conclusion, it must be understood, of course, that the singular number excludes the plural and what a party may do, parties may not do. This view of the subject regards neither the practice of a half century under, these provisions nor the office of a bill of exceptions. We have all become quite familiar with bills of exceptions taken jointly by numerous plaintiffs or defendants covering entire proceedings in a cause from the empanelling of a jury to the overruling of a motion for a new trial. But none of us has known of more than one bill of that comprehensive character taken in a single cause. It is in accordance with established and familiar practice that a bill of exceptions of that character taken by a party and filed in the reviewing court with his petition in error is resorted to by his adversary as the basis of a cross-petition in error upon which relief is granted. This settled practice recognizes the office of the bill of exceptions, which is to place upon the record the rulings of the court, and the exceptions thereto, after the issues of fact are made up. It does not appear to have occurred to *311 any one that the • number of entries upon a demurrer or motion, or of a judgment upon an agreed statement of facts, must equal the number of excepting parties in order that their seyeral exceptions may appear. Bills of exceptions, -in whatever court they may be taken, are subject to the same requirements. The view urged by counsel for the motion may be effectively tested by applying it to a bill of exceptions taken in the court of common pleas with a view to a proceeding- in error for the reversal of its judgment on the weight of the evidence. Assuming the evidence to consist, in a material part, of documents whose genuineness is the subject of controversy, it is obvious that their appropriation by one party for the purpose of his bill of exceptions would deprive the others of an opportunity to prosecute proceedings in error upon that ground.
It is true that proceedings in error, and the taking of bills of exceptions as the basis therefor, are statutory, and that the statutes by which they are authorized must be substantial^ pursued. But such statutes are remedial and they are to be interpreted with a view to accomplishing their purpose. In view of the general rule relating to the interpretation of remedial statutes the section cited .in support of the motion should be regarded as requiring only that a party may not rely upon any exception taken during a trial unless it is reduced to writing, and a bill making it to appear is signed and filed in the cause. But care seems to have been taken by the Legislature to prevent the application to such proceedings of the view -that is now urged. Part Third of the statutes is remedial. It embraces Sections 4947 to 6793 inclusive. The *312 first of these sections is devoted to the interpretation of Part Third and it provides that “words in the plural include the singular and in the singular include the plural number.”
The bill is -therefore taken in a manner that would seem to meet the requirements of the statute even if all related provisions should be strictly construed. Notwithstanding the long and general acquiescence in these views and the obvious reasons by which they are supported, a report of the case may be accepted as valuable -by those who think that all cases should be reported..

Motion overruled.

Price, Crew, Summers, Spear and Davis, JJ., concur.